Argued Ocotber 31, affirmed December 21, 1966

## STANGIER v. STANGIER

421 P. 2d 693

*Roy Kilpatrick,* Canyon City, argued the cause for appellant. With him on the brief were Cramer and Gronso, Burns.

*Gene B. Conklin,* Pendleton, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

### DENECKE, J.

The sole issue in this proceeding is whether George Stangier is incompetent within the meaning of the

statute authorizing the appointment of a guardian for the person and estate of an incompetent. The trial court held that he was incompetent and appointed a son as guardian.

The guardian concedes that this appeal is tried de novo.

ORS 126.106 authorizes the court to appoint guardians for incompetents. ORS 126.006(3) provides: " 'Incompetent' includes any person who, by reason of mental illness, mental deficiency, advanced age, disease, weakness of mind or any other cause, *is unable unassisted to properly manage and take care of himself or his property.*" (Emphasis added.)

Opinions on Mr. Stangier's competency are conflicting.

An attorney who had represented Mr. Stangier's ex-wife in a divorce proceeding occurring within the year of the guardianship proceeding testified. He stated that his client had asked him to talk to Mr. Stangier when the guardianship proceeding commenced and that he had done so. He testified: "* * * there wasn't any question in my mind, but what he was oriented. * * * My opinion is that he is able to manage his affairs."

A psychiatrist examined Mr. Stangier at his attorney's request. He testified that Mr. Stangier was capable of managing his business affairs.

Mr. Stangier testified in his own behalf. He was 73 years of age at the time of the hearing. In 1957 he had a cerebral thrombosis which resulted in the paralysis of muscles of one eye. In 1960 he suffered an accidental injury to his knee and as a result probably is unable completely to care for himself physically. In our opinion his testimony was inconclusive.

Mr. Stangier's accountant for almost 30 years testified that in his opinion Mr. Stangier could not "manage his own affairs by himself." Mr. Stangier's physician for at least 30 years, a man 75 years of age, testified to specific instances in which Mr. Stangier appeared confused concerning important affairs. His opinion was that Mr. Stangier was not "capable of carrying on ordinary business."

■ The trial court wrote an opinion in which it reviewed the testimony of all the witnesses. The trial court concluded: "Suffice to say that after the testimony of Mr. Stangier himself, the Court was satisfied that he could not manage his own business affairs or himself." In a de novo appeal, when the appearance and general demeanor of the witnesses, particularly the parties, can be important and when the evidence is conflicting, we rely heavily upon the decision of the trial court.

■ Based upon the evidence and the trial court's evaluation of the evidence, we find Mr. Stangier to be incompetent within the meaning of ORS 126.006(3).

Affirmed.